UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNNY RAY CHANDLER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1490 (BAH) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment, ECF No. 14. For the reasons discussed below, the motion will be granted.[1]

## I. BACKGROUND

At all times relevant to the complaint, the plaintiff was in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Administrative Maximum United States Penitentiary in Florence, Colorado ("ADX Florence"). Defs.' Mem. of P. & A. in Support of Defs.' Mot. to Dismiss or, Alternatively, for Summ. J. ("Defs.' Mem."), Ellington Decl. ¶ 2. According to the plaintiff, on February 27, 2016 at approximately 3:30 p.m., he was experiencing chest pains. Comp. at 2. He requested medical assistance, and "Ms. C. Olguin, R.N., was the medical staff on duty." *Id*. "Even though she was notified of [the plaintiff's] condition, [she] never came [and the plaintiff] suffered with pain and anguish all night long." *Id*.

The plaintiff deems defendant Olguin "guilty of medical negligence, and the BOP . . . guilty of breach of contract" stemming from its "binding contract with the District of Columbia

---

[1] The defendants' Motion for Extension of Time to File Reply, ECF No. 16, will be denied as moot.

to house and provide proper medical care and treatment to the prisoners of the District of Columbia, including the plaintiff, *id*. at 1-2, who has "a heart condition known as D.V.C," *id*. at 2. He demands $100,000.00 from each defendant and injunctive relief in the form of a 180-day suspension without pay for defendant Olguin. *Id*.

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement." Ellington Decl. ¶ 4. It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel." *Id*. The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request]." *Id*. ¶ 5. The BOP's declarant states that, of the 57 formal complaints submitted by the plaintiff between February 27, 2016 and October 1, 2016, Ellington Decl. ¶ 7, "none . . . relates to the claims alleged in this litigation," *id*. ¶ 9. "In fact, none . . . relates to an incident occurring on February 27, 2016." *Id*. Based on her review, the declarant avers that the "[p]laintiff did not exhaust his remedies as related to complaints against defendants raised in the present case through BOP's Administrative Remedy Program." *Id*. ¶ 10.

On March 10, 2016, the plaintiff filed an administrative tort claim "with BOP, dated March 10, 2016, alleging he was injured as a result of tortious conduct on February 27, 2016." *Id*. ¶ 11; *see id*., Ex. (Claim for Damage, Injury, or Death). BOP initiated two separate investigations, the first (Claim No. 2016-03653) on March 21, 2016, and the second (Claim No. 2016-03356) on April 11, 2016. *Id*. ¶¶ 13-15. BOP denied Claim No. 2016-03653 on June 22, 2016, and Claim No. 2016-03356 on September 21, 2016. *Id*. ¶¶ 16-17.

On March 21, 2016, in the Superior Court of the District of Columbia, the plaintiff filed this civil action, which the defendants removed to this Court on July 20, 2016.[2]

**II. DISCUSSION**

Pleadings by *pro se* litigants are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (noting "'obligation to construe pro se filings liberally'" (quoting *Toolasprashad v. Bureau of Prison*s, 286 F.3d 576, 583 (D.C. Cir. 2002)). Consequently, given the nature of the plaintiff's factual allegations, the Court construes the plaintiff's complaint as asserting federal claims under the Federal Torts Claims Act ("FTCA"), *see* 28 U.S.C. § 2675(a), and the Civil Rights Act, 42 U.S.C. §1983, as well as a breach of contract claim against the BOP.

Defendants have filed a motion to dismiss or, alternatively, for summary judgment. On November 14, 2016, the Court issued an Order advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other response to the defendants' motion by December 7, 2016, the Court would treat the pending dispositive motion as conceded. *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities).

---

[2] The plaintiff's "abuse of the court system has been so systematic that he may not file any civil action in this Court without first obtaining permission." *Chandler v. James*, 783 F. Supp. 2d 33, 36 (D.D.C. 2011) (citing *Chandler v. D.C. Dep't of Corr.*, Civil Action No. 95-2366, Memorandum Order (D.D.C. Mar. 11, 1996)). Moreover, his "legal complaints have been so numerous and so lacking in merit that he is now barred, except in extraordinary circumstances, from filing new lawsuits while in prison without first paying the full amount of any administrative filing fee." *Id*. The plaintiff's initiation of new lawsuits in Superior Court has, to date, circumvented the litigation pre-conditions imposed on him by this Court.

To date, the plaintiff has not filed an opposition to the pending motion, or requested more time to file an opposition, or advised the Court of any change of address.

Under these circumstances, the Court ordinarily would grant the defendants' motion as conceded. However, the United States Court of Appeals for the District of Columbia Circuit recently has raised concerns about the use of Local Civil Rule 7(b) to grant an unopposed motions to dismiss, *see Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016), and an unopposed motion for summary judgment, *see Winston & Strawn, LLP v. McLean*, No. 14-7197, __ F.3d __, __, 2016 WL 7174125, at *3 (D.C. Cir. Dec. 9, 2016). Despite acknowledging the value of Local Civil Rule 7(b) as an important "docket-management tool that facilitates efficient and effective resolution of motions," *Cohen*, 819 F.3d at 480 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (additional citation omitted)), the rule "stands in tension with . . . Rule 12(b)(6)," *id*. at 481, and "cannot be squared with . . . Rule 56," *Winston & Strawn*, 2016 WL 7174125, at *3.

If the Court were to grant the defendants' motion to dismiss as conceded, it "effectively places the burden of persuasion on the [plaintiff because,] when he fails to respond, he loses." *Cohen*, 819 F.3d at 481. Further, such treatment of a Rule 12(b)(6) motion "risks circumventing the clear preference of the Federal Rules to resolve disputes on their merits." *Id*. at 482. Similarly, if the Court were to grant the defendants' motion for summary judgment as conceded, it erroneously shifts the burden to the plaintiff when "[t]he burden is always on [the defendants] to demonstrate why summary judgment is warranted." *Winston & Strawn*, 2016 WL 7174125, at *1. And the Court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (citation omitted) (Griffith, J., concurring).

In this case, it is clear that the plaintiff's own conduct in ignoring the deadline set by the Court has frustrated resolution of the defendants' motion.  Nevertheless, in light of the D.C. Circuit's recent rulings, the Court briefly addresses the merits of the defendants' motion.

A. The Plaintiff Failed to Exhaust His Administrative Remedies

1. Exhaustion Under the FTCA

The Court treats the plaintiff's negligence claim as one brought under the FTCA and accepts the representation that defendant "Cathlin Olguin was an employee of the Government and were acting within the scope of her employment for the [BOP] at the time of the allegations stated in Plaintiff's Complaint."  Certification, ECF No. 1-2.  In these circumstances, the Court proceeds as if the plaintiff had brought his claim against the United States directly, such that his only route to recovery is the FTCA.[3]

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute.  *See id*.  The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  Thus, a claimant may file suit for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).

---

[3] The United States of America is the only proper defendant in a suit under the FTCA. *See, e.g., Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007).  Even though this *pro se* plaintiff has not named the United States as a party, the Court overlooks this pleading defect and instead treats plaintiff's claim as if it had been brought against the United States directly.  *See, e.g., Hui v. Castaneda*, 559 U.S. 799, 810 (2010).

There are limitations under and exceptions to the FTCA which doom the plaintiff's FTCA claim. Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail. The failure of an agency to make final disposition of a claim *within six months after it is filed* shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, defendants argue that the plaintiff failed to exhaust his administrative remedies because he filed his complaint in the Superior Court prematurely. *See* Defs.' Mem. at 7.

Although the BOP received a single administrative tort claim from the plaintiff, it opened two separate investigations, the first on March 21, 2016 and the second on April 11, 2016. *See* Ellington Decl. ¶¶ 13-15. The six-month time period within which the BOP was required to respond to the first, Claim No. 2016-03356, would have expired on September 20, 2016. *See id.*, Ex. (Letter to the plaintiff from Richard W. Schott, Regional Counsel, North Central Regional Office, BOP, dated April 8, 2016). Likewise, the BOP's deadline with respect to Claim No. 2016-03653 would have been October 10, 2016. *See id.*, Ex. (Letter to the plaintiff rom Richard W. Schott, Regional Counsel, North Central Regional Office, BOP, dated April 26, 2016). The plaintiff filed his complaint in the Superior Court on March 21, 2016, long before either deadline had passed. Thus, the defendants have demonstrated that the plaintiff failed to exhaust his

administrative remedies before filing this civil action, and he cannot cure this defect by amending his complaint at a later date. *See, e.g., Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."); *Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009).

### 2. Exhaustion Under the PLRA

In relevant part, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted); *see Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (noting "that . . . a court may not excuse a failure to exhaust, even to take [special] circumstances into account."). Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies. *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001). Exhaustion under the PLRA is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), which "the defendants have the burden of pleading and proving," *Brengettcy v.*

*Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (internal quotation marks omitted)).  Where, as here, defendants present and the Court considers matters outside of the pleadings, the defendants' motion is treated as one for summary judgment under Rule 56.  *See, e.g., Johnson v. District of Columbia*, 869 F. Supp. 2d 34, 37 (D.D.C. 2012); *Miller v. Fed. Bureau of Prisons*, 703 F. Supp. 2d 8, 15 (D.D.C. 2010).

      The defendants demonstrate that none of the administrative remedy requests submitted by the plaintiff between February 27, 2016 and October 1, 2016 pertain to the medical treatment he allegedly received (or did not receive) at ADX Florence on or about February 27, 2016.  *See* Ellington Decl. ¶¶ 7-10.  Thus, the defendants demonstrate that the plaintiff failed to exhaust his administrative remedies under the FTCA by filing his complaint too soon, and failed to exhaust under the PLRA by filing no administrative remedy request at all.

      B. The Court Lacks Jurisdiction Over the Plaintiff's Contract Claim

      The plaintiff alleges that the BOP breached a contractual duty to provide him medical care.  A contract claim against a federal government agency may be brought in under the Tucker Act.  *See* 28 U.S.C. § 1491.  Either the Court of Federal Claims or a federal district court has jurisdiction over a claim seeking monetary damages of $10,000 or less.  *See* 28 U.S.C. § 1346(a).  Only the Court of Federal Claims has jurisdiction over a claim in excess of $10,000, however.  *See* 28 U.S.C. § 1491(a)(2).  Here, the plaintiff demands monetary damages totaling $ 200,000, and his claim far exceeds this Court's jurisdiction.  *See, e.g., Chandler v. Kiely*, 539 F. Supp. 2d 220, 224 (D.D.C. 2008) ("As noted above, Mr. Chandler brings suit against the United States on a contract theory, and he seeks damages in excess of $10,000. As a result, jurisdiction over his claim lies with the Court of Federal Claims – not with this Court." (citations omitted)).

**III. CONCLUSION**

The Court concludes that the plaintiff failed to exhaust his administrative remedies under the FTCA and the PLRA prior to filing this lawsuit, and that it lacks subject matter jurisdiction over the plaintiff's contract claim.  Accordingly, the Court grants the defendants' motion in its entirety.  An Order is issued separately.


DATE: December 23, 2016                     /s/  *Beryl A. Howell*

                                            BERYL A. HOWELL
                                            Chief Judge